1043-21100 #1963921

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **GCC Supply and Trading LLC**<br><br>**Plaintiff**<br><br>**VERSUS**<br><br>**Maritime Borneo LLC; Handy Tankers K/S;**<br><br>**Defendants** | **CIVIL ACTION NO: 4:24-cv-01459**<br><br>**DISTRICT JUDGE:**<br>**HON. KENNETH M. HOYT** |

### MEMORANDUM IN SUPPORT OF
### EMERGENCY MOTION TO STAY ARBITRATION PROCEEDINGS
### AND/OR ENJOIN DEFENDANTS FROM PROCEEDING WITH ARBITRATION

COMES NOW Plaintiff, GCC Supply & Trading LLC, f/k/a GCC Bunkers LLC ("GCC" or "Plaintiff"), who respectfully files this emergency motion for an emergency order to stay the arbitration proceedings currently pending before the London Maritime Arbitrators Association (the "LMAA Arbitration") initiated by defendants Maritime Borneo LLC ("Maritime Borneo") and Handy Tankers K/S ("Handy Tankers") (collectively referred to as "Defendants"), and/or to enjoin Defendants from proceeding with any arbitration, including the LMAA Arbitration, against Plaintiff. In support of this Emergency Motion, Plaintiff states as follows:

### I.    FACTUAL BACKGROUND

The facts of this case are set forth in Plaintiff's Complaint (the "Complaint") against Defendants for declaratory judgment, preliminary and permanent injunction, and damages arising out of Defendants' numerous misrepresentations, improper requests surrounding the bunker fuel purchased from GCC, and refusal to pay the amount due.

Plaintiff herein provides an abbreviated version of all facts relevant to this Motion.

1. On or about March 29, 2023, an agreement was reached wherein GCC, a company with its principal place of business in Houston, Texas, agreed to sell marine fuel ("bunkers") to Handy Tankers, a corporation with its registered office in Denmark. According to the agreement, GCC would deliver the bunkers to OM BORNEO, a vessel owned by Maritime Borneo, a company with an office and principal place of business in Denmark and/or Liberia. Throughout the entire sale process, Cargill International SA ("Cargill"), a company headquartered in Switzerland, acted as Handy Tankers' agent, and the parties communicated through bunker stem communications sent on Handy Tankers' behalf by Cargill.[1]

2. The GCC quote sent to Handy Tankers stated expressly that the agreement was subject to GCC's Terms and Conditions, which were accessible through the website address also provided in GCC's quote. No objection to the application of GCC's Terms and Conditions was made in Handy Tanker's acceptance of GCC's offer. The application of GCC's Terms and Conditions to the bunkers sale was further restated in the Sales Order Confirmations that GCC sent to Handy Tankers soon after the agreement was reached and to which, after being received, neither Cargill nor Handy Tankers provided any protest or response.[2]

3. On April 11, 2023, Handy Tankers requested to modify the quantity of the "DMA" bunkers (distilled marine fuel) set in the original agreement, and GCC accepted the requested change.[3]

4. As per these agreements, the following bunkers were delivered directly by GCC to the OM BORNEO Vessel on April 13, 2023: 415 Metric Tons ("MT") of "RMG" bunkers (Residual Marine Grades) and 120 MT of DMA bunkers. In the delivery note, OM BORNEO's Chief

---

[1] *See* Exhibits "A" and "B" to Complaint, Rec. Docs. 1-2 and 1-3.
[2] *See id.*
[3] *See* Exhibit "E" to Complaint, Rec. Doc. 1-6.

2

Engineer attested that, based on his measurements and tests, all the bunkers supplied complied with the vessel's needs.[4]

5. After using the bunkered fuel supplied by GCC for several weeks without any issue, Cargill notified GCC on June 29, 2023, that OM BORNEO sent them a notice stating that it was "facing challenges" with the bunkered fuel supplied by GCC.[5]

6. GCC responded immediately by offering to debunker the remaining fuel they supplied and provide replacement fuel to the vessel. GCC was under no obligation to make such an offer but did so solely to mitigate the impact of the issues that OM BORNEO reported to exist.[6]

7. On July 22, 2023, as agreed with Handy Tankers, the remaining 56 MT of the 415 MT of RMG bunkers originally supplied by GCC were debunkered from the vessel. GCC provided Handy Tankers with a credit note for the debunkered fuel in the amount of $30,520.00.[7] On the same day, GCC provided Handy Tankers with replacement and additional fuel totaling 441.95 MT, and invoice no. SPINV-003775 for such additional fuel totaled $255,828.10. The invoice specified that payment to GCC was to be made within thirty days of supply.[8]

8. On October 23, 2023, Handy Tankers then sought to return 294.63 MT of the RMG fuel purchased and supplied on July 22, 2023. Although GCC was under no legal or contractual duty to do so again, GCC agreed to and did, in fact, debunker the 294.63 MT of the RMG fuel from the OM BORNEO free of charge. The value of the 294.63 MT of the RMG fuel per MT was $508.00, amounting to $149,672.04 of bunkers.

---

[4] *See* Exhibits "F," "G," and "H" to Complaint, Rec. Docs. 1-7, 1-8, and 1-9.
[5] *See* Rec. Doc. 1, Complaint, ¶20.
[6] *See* Rec. Doc. 1, Complaint, ¶21.
[7] *See* Exhibit "J" to Complaint, Rec. Doc. 1-11.
[8] *See* Exhibit "K" to Complaint, Rec. Doc. 1-12.

9. Handy Tankers has not paid any amount toward invoice no. SPINV-003775. Thus, since $149,672.04 of bunker fuel was returned to GCC, there is an open balance of $106,156.06 on Invoice No. SPINV-003775. The amount of $106,156.06 is still due and owing by Defendants to GCC.[9]

10. On December 24, 2023, Handy Tankers sent a letter to GCC claiming losses of $484,906.20 for damages to the vessel's engine and costs associated with the necessary repair, alleging that GCC's bunkers caused those damages.[10]

11. GCC responded that it does not owe Handy Tankers any amount for the alleged damages because Handy Tankers' claims were not submitted within thirty days after the bunkers' delivery (as required by Article 11.2 of GCC Terms and Conditions) and concern damages for which GCC is not responsible (under Article 12.1 of GCC Terms and Conditions).[11]

12. Despite that GCC Terms and Conditions provide under Paragraph 18.3 for the exclusive jurisdiction of "a federal court located in Harris County, Texas to the exclusion of the courts of any other country, state, county, or city,"[12] on January 30, 2024, Handy Tankers sent GCC a notice of commencement of arbitration with the London Maritime Arbitrators Association in London, England (the "LMAA Arbitration").[13]

13. As the basis for commencing the LMAA Arbitration against GCC, Defendants relied upon Section 24 of Cargill's Terms and Conditions.[14] However, Cargill's Terms and Conditions do not apply to the dispute between Handy Tankers and GCC and thus cannot be invoked. The reason is that Cargill's Terms and Conditions provide, in pertinent part, under Section 16.1, that they apply

---

[9] See Rec.Doc. 1, Complaint, ¶¶25-26.
[10] *See* Exhibit "L" to Complaint, Rec. Doc. 1-13.
[11] *See* Exhibit "D" to Complaint, Rec. Doc. 1-5.
[12] *See id*.
[13] *See* Exhibit "I" to Complaint, Rec Doc. 1-10.
[14] *See* Exhibit "C" to Complaint, Rec. Doc. 1-4.

4

to the exclusion of other parties' terms and conditions "unless otherwise agreed in writing."[15] Further, under Section 2, the terms of the nomination prevail over any prior written agreement. In this case, as previously stated, Handy Tankers agreed in writing to apply GCC Terms and Conditions to the bunkers sale, to the exclusion of Cargill's Terms and Conditions, when on March 29, 2023, it accepted GCC's quote, and thus, the terms included therein. In addition, GCC has never agreed to be part of the LMAA Arbitration proceeding.[16]

14. Defendants served GCC with their Claim Submissions in the LMAA Arbitration on April 12, 2024.

15. On April 22, 2024, GCC filed a complaint for declaratory judgment, preliminary and permanent injunction, and damages. The initial pretrial and scheduling conference is set for November 4, 2024. Defendant's English counsel has been notified of the suit and provided pleadings, and Defendants have been served pursuant to GCC's Terms and Conditions Section 18.8, which allows for service by U.S. Mail.[17]

16. According to the LMAA rules, GCC must respond to Defendants' allegations, raise any defenses, and assert any counterclaims within 28 days of service, i.e., by May 10, 2024.[18]

## II.   LEGAL ARGUMENT

According to well settled jurisprudence from the U.S. Supreme Court, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commun. Workers of Am.*, 475 U.S. 643, 648 (1986). Here, as detailed above, GCC made no such agreement.

---

[15] *See* Exhibit "C" to Complaint, Rec. Doc. 1-4.
[16] *See* Rec. Doc. 1, Complaint, ¶34.
[17] The Complaint, Exhibit, and Summons were sent to Defendants via U.S. Mail and FedEx. Attached is the FedEx signature confirmation confirming service of the pleadings. *See* Exhibit "M"..
[18] *See* Exhibit "N", LMAA Terms 2021, Second Schedule, Paragraph 4.

This Court is charged with ample authority from the U.S. Supreme Court and 9 U.S.C. §4 to determine whether an agreement to arbitrate exists and enjoin such proceedings if such an agreement does not exist. The U.S. Supreme Court held in *Granite Rock Co. v. International Brotherhood of Teamsters* that "[i]t is well settled in both commercial and labor cases that whether parties have agreed to 'submi[t] a particular dispute to arbitration' is typically an 'issue for judicial determination.'" *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 296, 130 S. Ct. 2847, 2855, 177 L. Ed. 2d 567 (2010). The U.S. Fifth Circuit has elaborated that "the court must first determine if there is an agreement to arbitrate before any additional dispute can be sent to arbitration." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003).

Moreover, "the case law clearly establishes that, in the appropriate circumstances, [] an order [to stay arbitration proceedings] is within the power of the district court." *Tai Ping Ins. Co., Ltd. v. M/V Warschau*, 731 F.2d 1141, 1144 (5th Cir.1984). In relation to international arbitrations, courts have the power to stay "an arbitration proceeding governed by the New York Convention when the parties 'have not entered into a valid and binding arbitration agreement.'" *CRT Capital Grp. v. SLS Capital, S.A.*, 63 F.Supp.3d 367, 375 (S.D.N.Y.2014).

These principles apply here because, as shown above, the parties did not agree to arbitrate the current dispute. Rather, GCC's Terms and Conditions apply to the sale of the bunkers to the Defendants. Those terms do not call for arbitration, but rather contain a mandatory venue clause calling for this dispute to proceed before the U.S. District Court Southern District of Texas.[19]

Accordingly, GCC urges the Court to grant this motion to stay the LMAA Arbitration proceedings until it can be determined whether the arbitration agreement is valid and enforceable—which again it is not. The parties in the LMAA Arbitration and, in this case, are

---

[19] *See* Exhibit "D" to Complaint, Rec. Doc. 1-5, p.20.

identical, and the Complaint addresses the same claims that Defendants made in the LMAA Arbitration. Therefore, the outcome of this action would be dispositive of the same claims presented by Defendants in the LMAA Arbitration. Without immediate Court action, GCC will suffer the burdensome inconvenience, costs, and delays that come with needlessly duplicating proceedings.

Counsel for Plaintiff has provided all pleadings to date to counsel for Defendants. Further, counsel for Plaintiff has notified counsel for Defendants that Plaintiff would be filing a Motion for Emergency Relief and a copy of the pleading would be forthcoming once filed.[20]

### III.   CONCLUSION

Based on the foregoing, Plaintiff, GCC Supply & Trading LLC, prays that the Court stay the pending arbitration proceedings in this matter until this Court can rule on the enforceability of the arbitration agreement.

Respectfully submitted,

*/s/   Aaron B. Greenbaum*
Aaron B. Greenbaum, T.A. (SDTX - Federal ID No. 2023921, TX Bar No. 24110938)
Rowen F. Asprodites (SDTX – Federal ID No. 3760102; LA Bar No. 33135)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
**ATTORNEYS IN CHARGE FOR GCC SUPPLY & TRADING, LLC**

---

[20] *See* E-mail from undersigned counsel to counsel for Defendants dated April 30, 2024, Exhibit "O".

7