United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GCC SUPPLY & TRADING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01459 |
| | § | |
| MARITIME BORNEO LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is the plaintiff's, GCC Supply and Trading, LLC, emergency motion to stay an arbitration proceeding and/or enjoin the defendants, Handy Takers K/S ("HT") and Maritime Bornes, LLC ("MB") from proceeding with arbitration [DE 8]. The defendants, HT and MB, filed a joint response addressing GCC's emergency motion and the matter is before he Court on the pleadings, motion, response and agreements.

## II.

The pleadings show that GCC supplied bunker fuel to HT for the benefit and use of MB's vessel OM BORNEO through a contractual agreement, facilitated by Cargill International SA ("Cargill"). Cargill served as HT's agent. The Agreement between HT and GCC states that the sales were made subject to GCC's "Terms and Conditions" as set out on GCC's website and that were also included as part of GCC's quote to HT and Cargill. The Terms and Conditions were . . . "restated in the Sales Order Confirmations that GCC sent to HT ". . . after the Agreement was consummated. According to GCC, neither HT nor Cargill protested the "Terms and Conditions" provision of the Agreement.

1 / 4

On or about April 11, 2023, HT requested a change in the quantity of bunker fuel prior to delivery on April 13, to the OM BORNEO. Based on reports from the vessel's chief engineer, who measured and tested the fuel, . . . "the bunker complied with the vessel's needs." Approximately, two months later, however, on June 29, HT reported to GCC that the vessel was "facing challenges" with the bunkered fuel that had been supplied. Replacement and additional fuel were supplied by GCC. As well, GCC debunked the remaining portion of the fuel from the original bunker supplied. Nevertheless, in October 2023, after credits and adjustments to invoices were completed, HT sought to return 294.63 MT of the replacement bunker fuel that had been supplied on July 22, 2023. Based on the quantity of bunker fuel consumed, GCC asserts that $106,156.06 is due and remains unpaid.

Approximately two months after GCC's invoice, December 24, 2023, HT notified GCC that it had suffered a loss of $484,906.20 due to repairs for damages caused by GCC's "off-specification and contaminated bunker fuel." HT forwarded a demand letter to GCC and enlisted MT the vessel owner to join it in initiating an arbitration proceeding concerning the dispute with the London Maritime Arbitration Association. It appears that this was the first notice to GCC that the bunker fuel had caused damage to MT's vessel.

HT and MT argue that an injunction should not issue because it is unlikely that GCC can prevail on the merits of its claim. In this regard, they argue GCC cannot satisfy the requirements for a preliminary injunction. HT and MT assert four reasons for their argument that GCC cannot satisfy the requirement for a preliminary injunction. They argue: (a) GCC's "Terms and Conditions" do not apply under the Uniform Commercial Code; hence, any UCC claims will fail; (b) GCC cannot establish that it will be irreparably harmed if the dispute proceeds through arbitration; (c) the equities in dispute favor HT and MT because GCC failed to meaningfully

engage in the resolution of the dispute after HT's damage notice was disclosed; and, (d) enjoining the arbitration process would undermine confidence in the arbitration process.

Anticipating HT and MT's arguments and reasoning, GCC argues that: (a) GCC made no agreement with HT and MT to arbitrate any dispute(s) that might arise out of transaction; (b) the federal district courts have the authority to enjoin an arbitration proceeding where no agreement to arbitrate exists between the parties; and (c) GCC's "Terms and Conditions" clause(s), contained in its negotiation and confirmation documents apply to this dispute.

## III.

GCC's motion to stay or enjoin the arbitration proceeding commenced by HT and MT must be denied. In March of 2021, GCC entered into an agreement with Cargill the Terms and Conditions of which states that: ". . . transactions in which Cargill is the Buyer or acts as agent for any other company which is the Buyer of Marine Fuel" are to be arbitrated. *See* [Exhibit C to GCC's Complaint-Document No. 1]. Relevant to this transaction and dispute are sections 16.1 and 24.1. Section 16.1, states in relevant part, that any modification to the terms of the Agreement between, for example, GCC and Cargill must be agreed to in writing. Hence, it excludes unilateral changes to the Terms and Conditions by reference to other documents issued by the seller, such as by "Order Confirmations, Bunker Delivery Notes, Invoices or similar [writing that would imply the application of] trade, custom, practice or course of dealings."

GCC does not dispute that it entered into the March 2021, agreement with Cargill. Instead, GCC argues, however, that it has not entered into an such agreement with HT or MT that requires GCC to submit to arbitration. Hence, the question of whether GCC entered into such an argument is a matter to be decided by the Court. *See Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003). The Court is of the view that when GCC contracted with HT's agent, Cargill

to supply Marine Fuel in April of 2023 it contracted with HT. Although GCC stated in the contradicting documents that its Terms and Conditions would apply to the sale [Exhibit D to GCC's Complaint-Doc. No. 1], the referenced documents are dated July 2021, after it executed the Agreement with Cargill in March of 2021. There is no indication in the record that Cargill executed GCC's document(s) or otherwise modified the earlier Terms and Conditions provisions between GCC and Cargill. And, the Court has not been supplied with a document that rescinds the March 2021, Agreement between GCC and Cargill.

It is, therefore, ORDERED that GCC's motion to stay or enjoin the arbitration proceeding pending before the London Maritime Arbitration Associates is Denied. The Court STAYS the case but retains jurisdiction of the parties pending the outcome of the arbitration proceeding.

It is so ORDERED.

SIGNED on May 31, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge